UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 2394 |
| v. | ) | |
| | ) | |
| ROBERT E. WALKER, et al., | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Defendants Christine Boyd, Margaret Brian, Jeanne Campanella, Lee Ryker, Roger E. Walker, Michael Smith, Elaine Hardy, Julie Morris and Mary Loftin move under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue Plaintiff Jesse Phillips's Second Amended Complaint, which brings two claims under 42 U.S.C. § 1983 alleging that Defendants acted with deliberate indifference to Phillips's medical needs in violation of the Eight and Fourteenth Amendments to the United States Constitution.[1]  Boyd, Brian, Campanella, Ryker and Walker (the "Boyd Defendants") additionally seek dismissal under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).

### I.  ANALYSIS

28 U.S.C. § 1391(b) provides that Phillips may bring this action action:

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[1] Smith, Loftin, Morris and Hardy move in the alternative to transfer this action to the Southern District of Illinois.

28 U.S.C. § 1391(b). Phillips's action was properly venued in the Northern District of Illinois when he filed his initial complaint because he named Cook County and other individuals who reside in this district as defendants. But, Phillips later dismissed Cook County (*see* Doc. No. 127) and the Second Amended Complaint both omits the Cook County defendants as parties and names additional defendants, all of whom reside in the Southern or Central Districts of Illinois. As a result of these amendments no defendant named in the Second Amended Complaint resides in the Northern District of Illinois. Neither does the Second Amended Complaint allege any events or omissions forming the basis of this action that occurred in the Northern District of Illinois.[2] Consequently, were the Second Amended Complaint considered a free-standing action, venue in this district would be improper under § 1391(b).

Phillips urges that the Second Amended Complaint cannot be so analyzed because venue is determined "at the outset of the litigation and is not affected by a subsequent change in parties." Resp. 9. The legal support for this position is weak. Phillips relies on two cases (one from the Third Circuit and another issued by a different court in this district) which lay in different procedural postures than this action and which both cite to 3B Moore's Federal Practice ¶ 25.05, p. 25-167 (2d ed. 1978). Moore's, for its part, cites to no judicial authority in support of the proposition that venue is unaffected by a subsequent change in parties, though the current edition relevantly qualifies the

---

[2] Phillips does allege that the ear injury from which he currently suffers was caused by improper post-operative treatment he received in 1993 while he was in the custody of the Cook County Department of Corrections. While venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" Phillips has not argued that the 1993 events as alleged in the Second Amended Complaint form a basis for venue in the Northern District of Illinois, and the claims and defendants related to the 1993 events were previously dismissed. *See* July 1, 2008 Mem. Op. & Order (Doc. No. 55).

2

proposition, stating that "if the plaintiff files an amended complaint adding additional parties or claims, venue rules must be satisfied *for that complaint*. An amended complaint *is treated as a new action*, except in some cases for statute of limitations purposes." 17-110 Moore's Federal Practice § 110.06 (3d ed. 1999) (emphasis added). The Second Amended Complaint adds new defendants; Moore's therefore provides no support for venue in this district.

The cases Phillips cites are equally inapposite. In *Exxon Corporation v. Federal Trade Commission*, 588 F.2d 895, 899 (3d Cir. 1978) the Third Circuit found that the dismissal of the plaintiffs which made venue proper under 28 U.S.C. § 1391(e) did not deprive the remaining plaintiffs of their right to appeal the judgment of the district court even though the venue-providing plaintiffs did not lodge an appeal. As for *Abdul-Ahad v. Top Tobacco Co.*, No. 99 C 4067, 1999 WL 967514, at *3 n. 2 (N.D. Ill. Oct. 6, 1999), the plaintiff was an Illinois prisoner who brought suit against the warden of the Pinckneyville jail, where he was being held, and two roll-your-own tobacco companies headquartered in the Northern District of Illinois. The district court dismissed the entire complaint, but ruled that it had jurisdiction to do so (after dismissing the venue-providing tobacco defendants) because venue is determined at the outset of the litigation.

A court in this district has observed that the holdings in both of these cases are sound because a more formalistic interpretation of § 1391 that precluded such rulings would needlessly squander judicial resources (by forcing a judge in another district to adjudicate the sufficiency of a complaint that a presiding judge had already reviewed and found wanting), or deprive a party of his right to appeal or delay his exercise of that right. *See Gilbert v. Feinerman*, No. 07 C 2657, slip op. at 5 (N.D. Ill. July 17, 2008). But

*Exxon* and *Abdul-Ahad* have nothing to say about this case, where the parties to and allegations in the Second Amended Complaint render venue in the Northern District of Illinois manifestly improper and the court has not been asked to dismiss the allegations in the complaint against all defendants. Thus, unlike *Exxon* and *Abdul-Ahad*, this case will have a life after the Defendants' motions (even were they to be granted) that will involve individuals other than judges and lawyers. Section 1391(b) is designed to avoid the prejudice to a defendant of being party to a case in a locale where she does not reside or to which the complaint has no substantial connection. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed. Cir. 1990). Accordingly, the court finds that venue in the Northern District of Illinois is improper because the Second Amended Complaint provides no basis for venue in this district.

Dismissal does not necessarily follow from this finding, however, as the court may cure the defect in the Second Amended Complaint by transferring the action to another district where venue is proper "if it be in the interest of justice." *See* 28 U.S.C. § 1406(a). Indeed, defendants Smith, Loftin and Hardy move in the alternative of dismissal for transfer of this case to the Southern District of Illinois under either 28 U.S.C. § 1404 or § 1406. (Section 1404 is inapplicable, though, because it requires that venue be proper in the transferor district. *See Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007).) The Boyd Defendants object to transfer under § 1406 and contend that dismissal is appropriate because Phillips was represented by counsel when he filed the Second Amended Complaint and the venue error was an obvious one. Reply 3 (citing *Vladoff v. Chaplin*, No. 04 C 5872, 2005 WL 1651172, at *2 (N.D. Ill. July 1, 2005)). The Boyd Defendants misstate the law in this area. While the Seventh Circuit

4

has upheld a district court's decision to dismiss a case (rather than transfer it) because the venue error was obvious, that holding does not limit the factors a court may consider in determining whether transfer is in the interest of justice. Indeed, the Seventh Circuit has noted that "'the interest of justice' is not a definite standard," and that a district court therefore enjoys broad discretion to transfer a case. *See Cote v. Wadel*, 796 F.2d 981 (7th Cir. 1986). The court finds that transfer of this case to the Southern District of Illinois (where plaintiff and the majority of the defendants reside) is in the interest of justice because Phillips has alleged serious constitutional violations and dismissal of this action would substantially delay the progress of this case, which has been pending since 2007.

Finally, the court denies without prejudice the Boyd Defendants' motion to dismiss under Rule 12(b)(6), as they have raised a complex legal issue that is more appropriately resolved by the judge in the Southern District of Illinois to whom the case is transferred.

## II. CONCLUSION

The Boyd Defendants' Motion to Dismiss for improper venue under Rule 12(b)(3) is denied; their Motion to Dismiss for failure to state a claim under 12(b)(6) is denied without prejudice. Smith's Motion to Dismiss For Improper Venue, or, In the Alternative to Transfer Venue (in which Loftin, Morris and Hardy joined) is granted in part and denied in part. The case is transferred to the United States District Court for the Southern District of Illinois.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 22, 2009