IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JESSE PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-34-GPM |
| | ) | |
| **ROBERT E. WALKER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case was transferred to this Court by the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406 (*see* Docs. 180 and 181). Plaintiff, an inmate currently confined at the Lawrence Correctional Center (LCC) filed his original complaint (Doc. 1) in the Northern District of Illinois seeking relief against Cook County officials. Plaintiff's second amended complaint (Doc. 105) sought relief against Cook County, Illinois; Roger E. Walker; Lee Ryker; Christine Boyd; Jeanne Campanella; Maggie Bryan; Julie Morris; Mary B. Loftin; Elaine Hardy; and Michael Smith. The second amended complaint supersedes and replaces the original complaint and prior amendments. *See Flannery v. Recording Indus. Assoc. of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Plaintiff voluntarily dismissed his claims against Cook County (Doc. 127), paving the way for this civil action to be transferred to this Court.

In his second amended complaint, Plaintiff asserts that he has been deprived of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 105). Plaintiff seeks injunctive and monetary relief for alleged violations of his Eighth Amendment rights. This case is now before the

Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff's second amended complaint, filed by his appointed counsel, alleges that in 1993, while confined at the Cook County Jail, Plaintiff had a radical tympanomastoidectomy performed on his right ear to treat a cholesteatoma.

In May 2006, Plaintiff became confined at LCC and began to feel pain in his right ear. Plaintiff complained to officials at LCC about his pain. Defendants Hardin and Loftin examined Plaintiff and determined that the cause of Plaintiff's ear pain was an infection caused by gauze that had been left in Plaintiff's ear as a result of the 1993 surgery. Additionally, it was determined that Plaintiff's right ear had developed another cholesteatoma. Plaintiff claims that in July 2006, "medical personnel at Lawrence Correctional Center … including … Dr. Smith, approved a further tympanoplasty/mastoidectomy surgical procedure, including a procedure to insert an obliteration flap in [Plaintiff's] right ear." Plaintiff contends that the surgery is necessary to "remove the gauze packing and to treat cholesteatoma in Plaintiff's right ear."

Although surgery was recommended in 2006 to remove the gauze and to treat the cholesteatoma, Plaintiff asserts that, to date, "Defendants have taken virtually no actions to carry out the recommended and approved procedures in Plaintiff's medical file." In lieu of the recommended and approved surgery, Plaintiff contends that he has been provided only "minimal treatment" consisting of ear drops which have treated neither his symptoms nor the underlying cause of his ear pain. Plaintiff claims that depriving him of adequate medical treatment for his ear problem violates Plaintiff's rights under the Eighth and Fourteenth Amendments.

### DISCUSSION

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and

unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id.*; *see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996). Applying these principles to the instant case, the Court finds that the second amended complaint survives threshold review as to Defendants Walker, Ryker, Boyd, Capanella, Bryan, Morris, Loftin, Hardy, and Smith.

### S<span/>UMMARY

As noted above, Plaintiff's second amended complaint (Doc. 105) supersedes and replaces his original complaint and his prior amendments. The second amended complaint asserts no claims against Ruth Rothstein; Thomas Dart; Michael Sheahan; the Cook County Department of Corrections; Brendan Reilly; the Illinois Department of Corrections; John H. Stroger, Jr., Hospital; David Orr's Office; John Stroger's Office; or Todd Stroger, Jr. Accordingly, these parties are **DISMISSED** as defendants in this action.

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this action will be dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: 01/21/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge