# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  10-cv-34-GPM-PMF |
| | ) |
| ROGER E. WALKER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Jesse Phillips' motion for preliminary and permanent injunctive relief (Doc. 210). This is a § 1983 action pertaining to medical care provided to Phillips during his confinement at Lawrence Correctional Center. Pending at this time are summary judgment motions, all of which raise the affirmative defense that Phillips failed to exhaust his administrative remedies (Doc. Nos. 200, 205, 206).

In April 2006, Phillips arrived at Lawrence Correctional Center. The following month, he experienced symptoms in his right ear, coupled with pain and fluid draining from the ear. Medical providers from the Illinois Department of Corrections examined him and noted that there appeared to be packing material in his ear from a prior ear surgery. Phillips was referred to Dr. Smith, a specialist in head and neck surgery, in May, 2006. Dr. Smith formed the impression that Phillips suffered from chronic middle ear disease, left tympanic membrane retraction, right cholesteatoma, and maximum conductive hearing loss. Dr. Smith counseled Phillips as follows:

> [T]his is typically a surgical problem. I want to see what the culture shows . . . I would like to get a CT scan of his temporal bones to further evaluate the anatomy. . . . .. [B]ased on exam today it would likely require a radical

mastoidectomy which would leave him with persistent no hearing in terms of a conductive level. . . . We will see what the CT scan shows and proceed from that.

(Doc. No. 210, p. 21).

The CT scan was performed and was interpreted as abnormal. In July 2006, medical personnel at Lawrence Correctional Center approved tympanoplasty/mastoidectomy surgical procedure based on the recommendation of Dr. Smith. Dr. Smith was contacted but did not want to perform the surgery. To date, the surgery has not been performed.[1] Plaintiff has received other forms of treatment, including ear drops and debridement.

In order to establish that he is entitled to a preliminary injunction, Phillips must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Phillips' request for injunctive relief seeks an order for a medical furlough so that he can undergo tympanoplasty and mastoidectomy. The motion is opposed (Doc. No. 218).

The Court of Appeals has instructed district courts to resolve the affirmative defense of failure to exhaust administrative remedies before reaching the merits of the § 1983 claim. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008). Until that defense is resolved, the Court should decline to order injunctive relief.

Also, the medical information available at this time suggests that the need for

---

[1] Dr. Smith's affidavit explains that the result of the CT scan did not lead him to the conclusion that Phillips required urgent surgical treatment. When Dr. Smith declined to perform surgery, he was referring to a different, elective procedure (Doc. No. 207-1, pp. 4-5).

tympanoplasty/mastoidectomy was discussed as a likely possibility in 2006, but is no longer considered by Smith or others to be appropriate treatment for Phillips' ailment, as it is understood following further diagnostic testing.  There is a considerable risk that the surgery requested would not be the least intrusive means necessary to prevent or correct harm.  In these circumstances, the Court should defer a decision on injunctive relief.

    IT IS RECOMMENDED that plaintiff's motion for preliminary and permanent injunctive relief (Doc. 210) be DENIED without prejudice.

    **SUBMITTED:  March 31, 2010   .**

    **S/ Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**