**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JESSE PHILLIPS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 10-034-GPM** |
| ) | |
| **ROGER E. WALKER, LEE RYKER,** ) | |
| **CHRISTINE  BOYD,  JEANNE** ) | |
| **CAMPANELLA, MAGGIE BRYAN, JULIE** ) | |
| **MORRIS,  MARY  LOFTIN,  ELAINE** ) | |
| **HARDY, and MICHAEL SMITH,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff currently is an inmate in the Lawrence Correctional Center (LCC). He originally

filed this action under 42 U.S.C. § 1983 in the United States District Court for the Northern District

of Illinois. The Northern District court appointed counsel to represent Plaintiff, and on February 18,

2009, counsel filed a second amended complaint on Plaintiff's behalf. Plaintiff pursues claims

against various defendants affiliated with LCC, claiming deliberate indifference to a serious medical

need – an ear condition stemming from treatment while a pretrial detainee in the Cook County

Department of Corrections – in violation of his Eighth Amendment rights.

The case was transferred to this district court on January 15, 2010, after Plaintiff voluntarily

dismissed his claims against Cook County, Illinois. Shortly thereafter, the undersigned district judge

conducted a threshold review under 28 U.S.C. § 1915A and referred the claims against the

remaining defendants to United States Magistrate Judge Philip M. Frazier for pretrial proceedings.

On February 1, 2010, Magistrate Judge Frazier allowed appointed counsel to withdraw because they do not practice in this district and deferred ruling on a pending motion for appointment of counsel until Plaintiff filed a supplement to describe his efforts to secure representation. Plaintiff's supplemental motion was filed on February 11, 2010. Magistrate Judge Frazier denied without prejudice Plaintiff's requests for counsel on February 22nd, noting Plaintiff's competence to represent himself during the pretrial phase of the case.

On February 19, 2010, Defendants Walker, Ryker, Boyd, Campanella, and Bryan filed a motion for summary judgment claiming that Plaintiff failed to properly exhaust his administrative remedies. Defendants Morris, Loftin, and Hardy filed a similar motion on February 24th. Defendant Smith filed a motion for summary judgment on March 8th; this motion includes both exhaustion and merits arguments. Plaintiff, acting pro se, filed responses to these motions, arguing that while he did not exhaust his administrative remedies *prior* to filing suit, they were exhausted by the time he – through appointed counsel – filed his second amended complaint. According to Defendants, Plaintiff's grievance dated July 8, 2008, named only Defendant Hardy and, moreover, the Administrative Review Board (ARB) responded to it on March 25, 2009 – after Plaintiff filed his second amended complaint.

In April 2010, Plaintiff renewed his motion for appointment of counsel, claiming difficulty in responding to Defendants' motions because of limited library access at LCC and because he had been transferred to Stateville Correctional Center while awaiting a court date in a criminal proceeding. In May, he filed a motion for appointment of an expert witness. On May 17th, Magistrate Judge Frazier appointed Curt J. Schlom to represent Plaintiff. Attorney Schlom was allowed to withdraw later that month, and Paul M. Weiss was appointed for Plaintiff. Attorney

Weiss has since been allowed to withdraw, and Julia Peterson was appointed to represent Plaintiff on July 21, 2010.  Attorney Peterson filed her entry of appearance on July 29th.

In the meantime, on July 26, 2010, Plaintiff filed a pro se motion to amend his responses to the motions for summary judgment.  Plaintiff now asserts that the grievance process was, in effect, unavailable and that any failure to properly exhaust his administrative remedies should be excused. *See generally Kaba v. Stepp*, 458 F.3d 678 (7th Cir. 2006).  Defendants oppose this motion basically on the theory that it comes too late.

Currently pending before the Court are Defendants' motions for summary judgment (Docs. 200, 205, 206) and Plaintiff's pro se motion to amend his responses thereto (Doc. 256).  The Court has carefully considered all the arguments presented in this case.  Counsel has been appointed to represent Plaintiff.  Appointed counsel should be given an opportunity to respond to the pending dispositive motions rather than being held to Plaintiff's pro se responses filed before she entered her appearance.  Accordingly, Defendants' motions (Docs. 200, 205, 206) are **DENIED without prejudice**.  In light of Plaintiff's current allegations that the administrative process was unavailable, Defendants are **GRANTED 30 days** to resubmit any exhaustion motions.  If any such motions are filed to challenge whether Plaintiff properly exhausted his administrative remedies, the undersigned district judge will conduct a hearing in accordance with the dictates of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 1620 (2009).[1]  Plaintiff's pro se motion to amend his responses (Doc. 256) is **DENIED as moot**.  Because *Pavey* directs the Court to resolve the exhaustion issue before the merits, 544 F.3d at 742, the remaining arguments set forth in Defendant

---

[1]Notably, Magistrate Judge Frazier extended the discovery deadlines; therefore, the parties are not prevented from conducting further discovery on the exhaustion issue.

Smith's motion for summary judgment are premature.

**IT IS SO ORDERED.**

DATED:  09/14/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge